IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER TUMPA, et al. | : | |
| | : | |
| | : | |
| v. | : | Civil No. CCB-14-2274 |
| | : | |
| | : | |
| GRACE MASTEN, et al. | : | |
| | : | |

**MEMORANDUM**

This case arises out of injuries sustained by L.T., a minor child of plaintiffs Christopher and Stephanie Tumpa and grandchild of third-party defendant Miranda Tumpa ("Tumpa"). The plaintiffs brought suit for damages in this court against Bonita and Gary Moore as well as Grace Masten and North Beach Realtors, LLC ("Masten and North Beach"). (Compl., ECF No. 4). Masten and North Beach then filed a third-party complaint against Tumpa. (Third Party Compl., ECF No. 25). They claim a right to indemnification under a rental contract for the vacation home where L.T. was injured. Additionally, they accuse Tumpa of varying degrees of negligence, which would entitle Masten and North Beach to either indemnification or contribution for Tumpa's relative culpability.

Pending before the court is Tumpa's motion to dismiss the third-party complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Third Party Def.'s Mot. Dismiss, ECF No. 33). Masten and North Beach filed a response in opposition, (Third Party Pls.' Opp'n Mot. Dismiss, ECF No. 34), to which Tumpa filed a reply. (Third Party Def.'s Reply Opp'n Mot. Dismiss, ECF No. 36). The court finds oral argument unnecessary to resolve the issues. *See* Local R. 105.6 (D. Md. 2014). For the reasons that follow, the motion to dismiss

will be granted in part and denied in part.

## BACKGROUND

On or about February 4, 2007, Miranda Tumpa entered into a Weekly Lodging Agreement ("the contract") with Masten and North Beach for a short-term stay, commencing on July 11, in a vacation home owned by Bonita Tamres-Moore.[1]  (Opp'n Mot. Dismiss, Ex. B, Weekly Lodging Agreement, ECF No. 34-2).  The Moores rented out the vacation home through an Exclusive Rental Listing Agreement with Masten and North Beach.  (Opp'n Mot. Dismiss, Ex. A, Exclusive Rental Listing Agreement, ECF No. 34-1).

On July 13, 2007, the plaintiffs were lawfully in the vacation home with their children, including L.T.  (Mot. Dismiss 3, ECF No. 33; Opp'n Mot. Dismiss 4, ECF No. 34). That morning, a television situated on a wine rack fell and landed on L.T.  (Mot. Dismiss 3, ECF No. 33).  As a result, L.T. purports to have suffered serious injuries and incurred significant medical expenses.  *Id.*

## ANALYSIS

### A. Standard of Review

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition

---

[1] The plaintiffs originally filed suit against Bonita and Gary Moore as owners of the vacation home, (Compl., ECF No. 4); however, the Moores claim Bonita is the sole owner of the property. (Answer Pls.' Compl. 3, ECF No. 9). The court is not expressing an opinion on this matter at this stage in the proceedings.

of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

In considering a Rule 12(b)(6) motion, the court does not always have to limit its review to the pleadings. It can also take judicial notice of public records, including statutes, and can "consider documents incorporated into the complaint by reference, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (citations and internal quotation marks omitted).

    B. **Contractual Indemnification Claim**

Masten and North Beach rely on the following provision in the contract to claim a right to indemnification should the plaintiffs prevail in the original suit:

    Sea Grace at North Beach, Realtors and Owner(s) of the leased premises will

> be held free and harmless by Guest from any loss, claim, damage by reason of any accident, injury, or damage to any personal property occurring anywhere on or about the leased premises which is within the exclusive control of the Guest.

(Opp'n Mot. Dismiss, Ex. B, Weekly Lodging Agreement, ECF No. 34-2).

In raising this argument, Masten and North Beach implicitly allege Tumpa had "exclusive control" over the vacation home. Tumpa claims she was not in exclusive control and contends the indemnification clause is void under a Maryland law that invalidates indemnification clauses covering premises "not within the exclusive control of the tenant." Md. Code Ann., Real Prop. § 8-105.[2]

If Tumpa had exclusive control over the vacation home, § 8-105 will not apply, and she may be required to indemnify Masten and North Beach pursuant to the contract.[3] *See Prince Philip P'ship v. Cutlip*, 321 Md. 296, 302 (1990) ("Where the area on or about which the landlord was negligent is within the exclusive control of the tenant an indemnification provision is not rendered void by operation of § 8–105" (internal quotation marks omitted)). "The question of whether a landlord has reserved control is one of fact. . . . [It] is essentially a matter of intention to be determined in the light of all the significant circumstances, particularly the leases and practices of the parties*." Macke Co. v. Hous. Mgmt. Co.*, 38 Md. App. 425, 429 (1978).

Here, Tumpa signed a rental agreement that allowed her to control access to the home (notwithstanding a provision allowing Masten and the Moores to inspect and repair the property) for the period during which L.T. was injured. At this stage, where facts and reasonable

---

[2] The parties agreed in the contract that any disputes arising thereunder would be governed by Maryland Law. (Opp'n Mot. Dismiss, Ex. B, Weekly Lodging Agreement, ECF No. 34-2).

[3] Masten and North Beach also allege in their opposition to the motion to dismiss that they are not "landlords," meaning § 8-105 is inapplicable. The court expresses no opinion on the merits of this argument, as doing so is unnecessary in resolving the motion to dismiss.

inferences are construed in the light most favorable to the non-moving party, the court must presume Tumpa was in exclusive control of the vacation home. Masten and North Beach have thus raised a plausible claim for relief. The motion to dismiss the contractual indemnification claim will be denied.

### C. Negligence Claims

Masten and North Beach further claim L.T.'s injuries were the result of Tumpa's sole, primary, or contributory negligence, making her responsible for indemnification or contribution as a joint tortfeasor. They also contend Tumpa's negligence was active, whereas any negligence of Masten and North Beach was passive, entitling Masten and North Beach to indemnification.

Masten and North Beach, however, have alleged no facts that could establish a plausible claim to relief under any negligence theory. They claim no action or inaction by Tumpa beyond signing the contract. Indeed, Masten and North Beach appear to concede that Tumpa had yet to visit the vacation home at the time of L.T.'s injury. The allegations in the complaint are simply "conclusory statements" insufficient to support a claim to relief. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, the court will grant the motion to dismiss in regards to all claims pertaining to Tumpa's alleged negligence.

## CONCLUSION

For the reasons stated above, Miranda Tumpa's motion to dismiss will be granted as to Grace Masten and North Beach Realtors, LLC's negligence claims and denied as to the contractual indemnification claim.

A separate order follows.

<table>
<tr><td>September 9, 2015<br>Date</td><td>　　　　　　　/S/　　　　　　　<br>Catherine C. Blake<br>United States District Judge</td></tr>
</table>